UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

XAVIER LEE JONES,

    Plaintiff,

v.                                  Case No. 3:21-cv-98-HES-MCR

DORMINEY, et al.,

    Defendants.
_____

## ORDER

Plaintiff, an inmate of the Federal Bureau of Prisons, is proceeding pro se and in forma pauperis (Doc. 3) on an amended complaint for the violation of civil rights (Doc. 4; Am. Compl.), which is before the Court for initial screening. See 28 U.S.C. § 1915(e)(2)(B) (authorizing a district court to dismiss a complaint that fails to state a claim upon which relief may be granted).

Though Plaintiff is a federal inmate, his claims arise out of an incident that occurred at Hamilton Correctional Institution (HCI), a prison operated by the Florida Department of Corrections (FDOC). Plaintiff asserts Officer-Defendant Dorminey conspired with three inmates to have him killed. See Am. Compl. at 4, 5. He clarifies that Officer Dorminey put a "hit" on his life, and three inmates attempted to carry out the hit on December 16, 2018, by stabbing him. Id. at 5. See also Doc. 4-1 at 1, 6, 7. In addition to suing Officer Dorminey,

Plaintiff seeks to sue the "3 several inmate[s]" (unnamed) who stabbed him and two other HCI employees, Welgten and Thompson. See Am. Compl. at 2-3. He contends Defendants violated his First, Fifth, Eighth, and Fourteenth Amendment rights. Id. at 3. As relief, Plaintiff seeks monetary damages. Id. at 5.

Rule 8(a) of the Federal Rules of Civil Procedure requires a pleading to include a short and plain statement of the claim showing the pleader is entitled to relief. Rule 10(b) requires all averments of the claim be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To survive dismissal, a complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." Id. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (alteration in original).

Upon review, the Court finds Plaintiff's amended complaint is deficient. First, inmates are not state actors and, thus, may not be sued under § 1983. Second, Plaintiff attributes no factual allegations to Defendants Welgten or Thompson. In other words, Plaintiff does not explain how Defendants Welgten

2

or Thompson violated his constitutional rights. If Plaintiff names these Defendants because they were supervisors at HCI when Plaintiff was attacked, Plaintiff should know that supervisors cannot be held liable under § 1983 solely on the basis of vicarious liability. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.").

Third, Plaintiff does not allege facts showing the violation of his First Amendment right to "religion" or his Fourteenth Amendment right to due process. See Am. Compl. at 3. He alleges officers failed to protect him from harm or purposely endangered him, implicating the Eighth Amendment. See Whitley v. Albers, 475 U.S. 312, 327 (1986) ("[T]he Due Process Clause affords [a state prisoner] no greater protection than does the Cruel and Unusual Punishments Clause."). Fourth, the Fifth Amendment governs the conduct of federal actors, not state actors. See Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1041 (11th Cir. 1989). Because Plaintiff sues state actors—officers of the FDOC—the Fifth Amendment is inapplicable.

If Plaintiff wishes to proceed, he must submit an amended complaint, curing the outlined deficiencies. In amending his complaint, Plaintiff should comply with the instructions on the Civil Rights Complaint Form and the following:

1. The amended complaint must be marked, "Second Amended Complaint."

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation.

3. The amended complaint must state the full names of each defendant (to the extent Plaintiff knows them) in the style of the case on the first page and in section I.B.

4. The list of defendants named on the first page must match the list of named defendants in section I.B.

5. The amended complaint (or a separate filing) must include current addresses for each defendant so the Court can direct service of process.

6. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims for relief, and he should clearly state how each defendant is responsible for each alleged violation.[1]

7. In section V, "Injuries," there must be a statement concerning how **each** defendant's action or omission injured Plaintiff.
8. In section VI, "Relief," there must be a statement of what Plaintiff seeks through this action.

Plaintiff must sign and date the amended complaint after the following statement on the form:

---

[1] Plaintiff may attach additional pages if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, Plaintiff must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

Accordingly, it is now

**ORDERED:**

1. The **Clerk** shall send Plaintiff a Civil Rights Complaint form.

2. By **June 21, 2021**, Plaintiff must mail an amended complaint to the Court for filing. The amended complaint should comply with the instructions on the form and those provided in this Order.

3. Also by **June 21, 2021**, Plaintiff must mail to the Court one copy of the amended complaint (including exhibits)[2] for each named defendant.

4. Plaintiff's failure to comply with this Order may result in the dismissal of this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of May 2021.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Jax-6
c:
Xavier Lee Jones

---

[2] Plaintiff may include exhibits, such as grievances or medical records. Plaintiff must individually number each exhibit in the lower right-hand corner of each exhibit. If his first exhibit has multiple pages, he should number the pages 1-A, 1-B, 1-C, etc.